JOHN M. FORBES vs. MANUFACTURERS' INSURANCE COMPANY.

The owner of goods jettisoned for the common benefit may recover of the underwriters, without first demanding contribution from the other interests benefited by the jettison.

After any considerable portion of the goods insured, though less than half the value, has arrived at the port of destination, and been landed in a perfect state, the assured cannot abandon and recover for a total loss.

Where goods insured by a valued policy are jettisoned for the common benefit, the under writers are liable for the amount at which the goods are valued in the policy, although it exceed their market value at the place of destination.

ASSUMPSIT on a policy of insurance, by which the defendants caused the plaintiff to be insured $18,000 on teas consigned to him on board the ship Paul Jones at and from Canton to port of discharge in the United States northeast of Cape Florida. The teas were valued in the policy at twenty per cent. advance on the invoice price.

The parties submitted the case upon the following statement of facts: The ship Paul Jones, on her voyage from Canton to New York, struck on a reef, and it became necessary, in order to get her off, to throw overboard a large quantity of goods, including about sixty two per cent. of the teas insured by this policy, but amounting in all to less than fifty per cent. of the whole cargo. Being relieved by the jettison, she floated from the reef, and reached New York, her port of destination. The plaintiff, after the arrival of the ship in New York, offered an abandonment of said teas, which was declined by the defendants on the ground that the claim was purely of a general average nature, and must be adjusted on the value of the property in New York. On the landing of the cargo in New York, an appraisal was made of the market value of the property jettisoned, and the claim for the jettison made up, according to the custom existing in the port of New York, and the defendants paid the plaintiff in full according to said adjustment, which, they contend, is all that they are bound to pay. The plaintiff, however, denies that said adjustment gives him all that he is entitled to; inasmuch as the teas were valued in the policy at a price higher than the market value in New York. The plaintiff

also claims the right to recover as for a total loss, with salvage, under said abandonment; but this right is denied by the defendants. Judgment is to be entered for the defendant, or for the plaintiff and the case sent to an assessor, as the court may adjudge.

The arguments were had at November term 1852.

*G. S. Hillard*, for the plaintiff. 1. The right to abandon exists if there has been a loss of more than one half the value of the property insured. 2 Phil. Ins. (2d ed.) 329. [3d ed. § 1608.] And this rule applies where the loss is caused by jettison, as well as where it is by stranding or other marine disaster. In the one case, the loss is immediate; in the other, there is the medium of human agency; but in both cases, the peril of the sea is the cause and origin of the loss. *Peters* v. *Warren Ins. Co.* 3 Sumner, 399. 2 Phil. Ins. (2d ed.) 333. [3d ed. § 1616.] *Judah* v. *Randal*, 2 Caines Cas. 324. Where the damage is more than fifty per cent., the assured is entitled to recover as for a total loss, although what remains has arrived in safety. 2 Phil. Ins. (2d ed.) 270. [3d ed. § 1532.] *Ralston* v. *Union Ins. Co.* 4 Binn. 386. *Peters* v. *Phœnix Ins. Co.* 3 S. & R. 25. *Shawe* v. *Felton*, 2 East, 109. *Allen* v. *Sugrue*, 8 B. & C. 561. 2 Arn. Ins. 1019. *Wood* v. *Lincoln & Kennebeck Ins. Co.* 6 Mass. 479.

The case of *Lapsley* v. *Pleasants*, 4 Binn. 502, which holds that the assured must resort in the first instance to the other interests for contribution, and then call upon the insurers to pay the difference, engrafts upon the contract of insurance an element not intended by the parties, nor expressed in the policy, and is opposed to the weight of authority. *Maggrath* v. *Church*, 1 Caines Cas. 215. *Judah* v. *Randal*, 2 Caines Cas. 324. *Moses* v. *Columbian Ins. Co.* 6 Johns. 219. *Watson* v. *Marine Ins. Co.* 7 Johns. 62. *Amory* v. *Jones*, 6 Mass. 318. *Faulkner* v. *Augusta Ins. Co.* 2 McMullan, 158. *Potter* v. *Providence Washington Ins. Co.* 4 Mason, 301. Emerigon des Assurances, c. 12, sect. 44, § 3. Pothier, Contrat d'Assurance, § 52. So, in England, the owner of an insured house, burned by a mob, for which he has an action against the hundred, may recover first of the underwriters, leaving them to sue the hundred in his name. *Mason* v. *Sains-*

bury, 3 Doug. 61. *London Assurance Co.* v. *Sainsbury*, 3 Doug. 245. So, in the case of a collision, occasioned by the careless- ness or misconduct of the officers of another vessel, ending in a total loss, the assured may recover of the underwriters the whole amount, and not merely what the owners of the vessel in fault do not pay. 2 Arn. Ins. 804, and cases cited. So a mortgagee, who has insured his interest, may recover of the underwriters, though the debtor be solvent. *King* v. *State Mut. F. Ins. Co.* 7 Cush. 1. *Carpenter* v. *Providence Washington Ins. Co.* 16 Pet. 495. *Hancox* v. *Fishing Ins. Co.* 3 Sumner, 132.

2. The market value of the goods at the port of destination is the standard of value in adjusting the general average loss among the parties bound to contribute; and one whose goods have arrived in safety, and who contributes his portion to the general average, can only recover of his insurers the proportional part of his contribution, (not exceeding the amount insured,) although his goods be valued, in making up the general average, at a sum less than the valuation in the policy. 2 Phil. Ins. (2d ed.) 74, 167, 168. [3d ed. §§ 1276, 1410.] 2 Arn. Ins. 951, 952. But where the goods insured have been jettisoned, there is a direct damage sustained; the relations between the underwriter and the assured are controlled by positive contract; the underwriter engages that the goods shall arrive; and if part do not arrive, by jettison, he must pay for them, at the value fixed by the con- tract. 2 Boulay Paty, 8, cited in 2 Arn. Ins. 952. A contract of insurance is a contract of indemnity, but the value against the loss of which the assured is to be indemnified is that stipu- lated in the contract. 1 Arn. Ins. 303. *Irving* v. *Manning*, 1 H. L. Cas. 287.

*S. Bartlett & S. Bartlett, Jr.* for the defendants. 1. The plaintiff cannot recover as for a total loss. (1.) Because the amount of loss, after reimbursement from other contributory interests, is less than fifty per cent., and the plaintiff is bound to collect such contribution before coming upon the under- writers. *Lapsley* v. *Pleasants*, 4 Binn. 502. (2.) Because an abandonment of the residue of the goods, made after they have arrived at the port of destination, cannot avail the assured

2 Phil. Ins. (2d ed.) 332, 333, 335. [3d ed. § 1611.] *Parage* v. *Dale,* 3 Johns. Cas. 156.   *Pezant* v. *National Ins. Co.* 15 Wend. 453.

2. The plaintiff cannot recover of the defendants the excess of the valuation in the policy of the goods jettisoned, above their market value in New York.   It is settled, in this commonwealth, that in cases of general average a valued policy becomes an open policy.   *Clark* v. *United Fire & Marine Ins. Co.* 7 Mass. 369.   *Bedford Commercial Ins. Co.* v. *Parker,* 2 Pick. 11.   The sacrifice of goods by jettison is not a direct loss by a peril insured against, but a devoting or sale by all parties for the common benefit, with an agreement that the party whose goods are sacrificed shall be paid the full amount which they would have brought at the market of destination; and such is the rule for estimating them.   2 Phil. Ins. (2d ed.) 162. [3d ed. § 1401.]   The party making the sacrifice thus receives all that he would have received had his adventure terminated without accident.   His share of the common sacrifice assessed on the goods jettisoned is, and has been in this case, repaid him by the underwriters.

DEWEY, J.   The case stated shows a loss of more than fifty per cent. on the teas insured by the policy.   The plaintiff contends that, in consequence of such loss, he might properly abandon the whole goods invoiced, and recover as for a total loss. To this it is answered, that the loss was wholly occasioned by the goods having been sacrificed by jettison for the common safety of the whole cargo, and that the plaintiff has thereby acquired a right of contribution from the other interests for such loss by jettison, and that this claim should be first satisfied from such contributors, leaving the balance only chargeable upon the underwriters, and the latter sum to be computed as the loss, and that so a loss would be shown of less than fifty per cent.   We do not, however, adopt this view, and, in the opinion of the court, the assured may at once recur to the insurers for the loss of goods by jettison, and he is not bound first to recur to the other owners for contribution to the loss suffered for the common benefit.   Goods lost by jettison may therefore properly be taken into the estimate in making up the amount of more than fifty per cent. necessary to authorize an abandonment.

The second point of inquiry is, whether an abandonment of the residue of the goods, with the right of a recovery as for a total loss, can be made after such residue has arrived in safety at the port of destination? As to this, the court are of opinion, that after any considerable portion of the goods insured, as in the present instance, thirty eight per cent. of the whole amount of the number of boxes of teas, has arrived at the port of destination, and been landed in a perfect state, the assured cannot then abandon and recover for a total loss, upon the ground of the loss of more than fifty per cent. at some former period of the voyage. 2 Phil. Ins. (3d ed.) § 1611. *Seton* v. *Delaware Ins. Co.* 2 Wash. C. C. 175.

The further inquiry is, upon what principle, as to the valuation, are the goods jettisoned to be computed, in an adjustment of the loss to be paid by the insurers. It is to be remarked, that this inquiry is confined to the liability of the insurers, and is not the question of valuation as between contributors liable to contribute to the loss of goods sacrificed for the common benefit. We have already stated that the plaintiff cannot recover of the insurers as for a total loss. The right of recovery is confined to the case of a partial loss. But it is a partial loss upon a valued policy. This value was fixed by the parties at the value in the invoice, with an advance of twenty per cent. As to a valued policy, this would be the unquestionable rule. 2 Phil. Ins. (3d ed.) § 1203. To a certain extent the valuation is opened, but not so as to change the rule of damages from that of a valued to an open policy. In a case like the present, when the subject of insurance is capable of separation into parts or parcels, and a partial loss occurs, the valuation in the policy may be taken as the standard price, and a proportional part charged upon the insurers, as upon a valued policy. Such is the case here, being that of a loss of a certain definite number of chests or boxes of teas, the value of which by the invoice can be easily ascertained by computation.

The plaintiff is therefore entitled to recover as for such partial loss, upon the principles above stated.

*Judgment for the plaintiff.*